55 CCPA

**Application of Mervyn CADEMARTORI.**

**Patent Appeal No. 7958.**

United States Court of Customs and Patent Appeals.

June 27, 1968.

George A. Arkwright, Jr., Shlesinger, Arkwright & Garvey, Washington, D. C., Noel G. Conway, Santa Ana, Cal., for appellant.

Joseph Schimmel, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND and KIRK-PATRICK [*], Judges.

RICH, Judge.

This appeal is from a decision of the Patent Office Board of Appeals [1] affirming the rejection of claims 5, 7, 9, and 11 of application serial No. 314,926, filed October 9, 1963, entitled "Roller Applicator Particularly Adapted for Coating Rough Surfaces." The board reversed the rejection of claim 6, the only other claim in the application.

The invention is a paint roller specially adapted for use on rough surfaces. It includes a handle, a rotatable drum, and a sponge-like sleeve in which there are numerous mutually perpendicular slits. The effect of the slits is to divide the sleeve into independently deformable segments which make it useful in the application of paint to rough surfaces. Fig. 1 shows an embodiment of the invention:

---

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1] Consisting of Kreek and Keely, Examiners-in-Chief, and Andrews, Acting Examiner-in-Chief, opinion by Andrews.

Claim 5 is illustrative:

5. A roller applicator comprising: a handle;

a drum connected to said handle and mounted for rotation;

a sleeve encircling said drum;

at least four circumferential slits in said sleeve encircling the drum, one of said slits being adjacent one end of said sleeve, a second of said slits being adjacent the opposite end of said sleeve;

a plurality of longitudinal slits extending between said one circumferential slit and said second circumferential slit and crossing said circumferential slits between said one and second slits at a substantial angle, said circumferential and longitudinal slits being spaced substantially equidistant apart, said slits being of a depth substantially equal to the distance between slits.

The board relied primarily on the following references.[2]

| Bridgford | 2,761,167 | Sept. 4, 1956 |
| Guggenheim (French) | 874,496 | May 4, 1942 |

Bridgford discloses a paint roller in which "the applicator roller is made with a solid body of fluid saturable porous cellular and deformable material like vinyl plastic or Ivalon * * *." It incorporates certain features to make it useful in painting chain link fences. Chief among these are radial slits in the sponge to receive the wires of the fence.

Guggenheim discloses an improved sponge characterized by mutually perpendicular cuts which divide its surface into a "number of independent blocks." Advantages include:

In the first place, the sponge is provided with greater suppleness. If non-flat surfaces, such as moldings or other wall ornaments are to be cleaned, this part of the sponge is deformed much more easily inasmuch as the blocks, by moving apart, completely conform to the shape of these moldings; thus cleaning is performed under much better conditions than with ordinary sponges whose surfaces, forming one single block, can be deformed only with greater difficulty.

While the only drawing in the patent shows an artificial cellulose sponge of "parallelepipedal shape", the specification contains this statement:

It will be noted, however, that the invention can be applied, under the same conditions and with the same advantages, to sponges of any other shape and made of any other material.

The board found appellant's invention obvious in view of these references:

Bridgford recognizes that the problem of applying a rolled liquid coating to an uneven surface, such as fencing, could be overcome by providing a series of slits in a sponge roller that would allow a local deformation of the roller to accommodate the unevenness, Guggenheim likewise addressed himself to this problem of uniform coating of rough surfaces, such as a wall, and arranged for mutually perpendicular slits in a sponge block to provide a sufficient degree of flexibility to accommodate the rough surfaces of a wall. In view of this recognition by Guggenheim of the advantages of perpendicularly arranged slits, we find that it would merely be adopting an expedient known to the art for its recognized advantages, and hence ob-

2. The board also affirmed the examiner's rejections based on other references. However, the board preferred to rely on the references indicated and regarded the others as cumulative. We need consider only the preferred rejection.

vious, to provide mutually perpendicular slits in the roller surface of Bridgford to thereby secure merely the advantages taught by Guggenheim.

We agree. For the reasons given by the board, we think that it would have been obvious to one of ordinary skill in the art to use the sponge of the Guggenheim disclosure in the Bridgford roller.

Appellant argues that the references are from non-analogous arts and so are improperly "combined." He especially rejects the relevance of the Guggenheim patent inasmuch as the sponge described therein is apparently intended for *cleaning* purposes. The board had a cogent reply to this contention:

> The fact that Guggenheim is concerned with the application of a cleaning liquid rather than a paint to a rough surface is a matter of an arbitrary selection of a composition for the applied liquid rather than a diversity of concept from the Bridgford patent. Both patents deal with 'applicators' as called for by the appealed claims.

The cleaning liquid referred to, we presume, is essentially water.

We need not adopt in toto the board's rationale to approve its conclusion. The problem in the application of paint to rough surfaces with a sponge roller of regular contour lies in the failure of the sponge to conform itself to those surfaces. The same problem attends the use of any sponge in the cleaning of rough surfaces. We think that, given the clearly common problem, it would be obvious to one of ordinary skill to apply the lesson taught with respect to sponges used in cleaning to the improvement of those used in paint application. See Graham v. John Deere Co., 383 U.S. 1, 35, 86 S.Ct. 684, 15 L.Ed.2d 545, (1966).

Appellant submitted evidence of commercial success both before and after his hearing before the board. The board did not consider the latter evidence. Appellant argues that the board thereby committed error. Recognizing, as we do, that commercial success is a factor to be considered, we think that even if *all* of the evidence of commercial success were to be considered, the conclusion of obviousness compelled in this case by the cited art would not be overcome. In re Myrtetus, 393 F.2d 863, 55 CCPA ——, (1968). We note that no long-felt need or unsolved problem is proven to have antedated the commercial success.

The decision of the board is affirmed.

Affirmed.